UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20626-Civ-COOKE/TURNOFF

VALLEY FORGE INSURANCE
COMPANY, *et al.*,

    Plaintiffs

vs.

OLEM SHOE CORPORATON, *et al.*,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS

THIS MATTER is before me on the Plaintiffs' Motion To Dismiss Defendant Washington Shoe Company's Counterclaim. (ECF No. 23). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons set forth below, the Plaintiffs' Motion is granted.

### I. BACKGROUND

This is a declaratory judgment action that Plaintiffs Valley Forge Insurance Company ("Valley Forge") and Continental Casualty Company ("Continental") initiated against Defendants Olem Shoe Corporation ("Olem Shoe") and Washington Shoe Corporation ("Washington Shoe") seeking a declaration that Plaintiffs have no duty to indemnify their insured, Olem Shoe, for counterclaims that Washington Shoe asserted against Olem Shoe for copyright infringement.[1] *See Olem Shoe Corp. v. Washington Shoe Co.*, Case No. 09-23494-Civ (S.D. Fla.) (the "underlying suit"). This Court has diversity jurisdiction over this action. Washington Shoe has filed a counterclaim seeking a declaration that Valley Forge and

---

[1] Although Washington Shoe is not an insured, Plaintiffs named it in this action because it is a necessary party. Plaintiffs also named Washington Shoe as a defendant in this action to ensure that is bound by any judgment this Court may render.

Continental have a duty to indemnify Olem Shoe in the underlying suit. (ECF No. 16). Valley Forge and Continental have moved to dismiss this counterclaim on the ground that Washington Shoe lacks standing.

## II. LEGAL STANDARD

A complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss under Rule 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III. ANALYSIS

Plaintiffs argue that Washington Shoe has no standing to bring a counterclaim for declaratory judgment because Florida law prevents parties other than the insured from bringing a cause of action against an insurer before first obtaining a settlement or verdict. Washington Shoe argues that Washington state law governs the present action rather than Florida law.

A federal court sitting in diversity will apply the conflict-of-law rules of the forum state. *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Florida is the forum state for the present action, so Florida's conflict-of-law rules will govern.

"Under Florida law, a court makes a separate choice of law determination with respect to each particular issue under consideration." *Trumpet Vine Invs., N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1115 (11th Cir. 1996); *see also State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006) ("we apply different choice of law rules to different areas of the law"). With regard to contract claims, Florida has "long adhered to the rule of *lex loci contractus*." *State Farm Mut. Auto. Ins. Co.*, 945 So. 2d at 1163. Under that rule, as applied to insurance contracts, "the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties." *Id.* (citing *Sturiano v. Brooks*, 523 So. 2d 1126, 1129 (Fla. 1988)).

Valley Forge and Continental issued and delivered the insurance policies to the insured (Olem Shoe) in Florida. (Am. Compl., ECF No. 3, Exs. A & B). As Florida is the *loci contractus*, Florida law governs this dispute. Florida's "Nonjoinder of Insurers" statute provides, in relevant part:

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Fla. Stat. § 627.4136(1). Because Washington Shoe is not an insured, it has no standing to assert a cause of action against an insurance company until it obtains a settlement or verdict against an insured. *See Colony Ins. v. Total Contracting & Roofing, Inc.*, No. 10-23091, 2010

WL 5093663, at *2 (S.D Fla. Dec. 8, 2010).  Thus, Florida law bars Washington Shoe from bringing any claim against either Valley Forge or Continental at this time.  Washington Shoe's counterclaim, therefore, is dismissed.

In the alternative, Washington Shoe requests that this Court to treat the counterclaim as an affirmative defense.  Under Rule 8(c)(2) of the Federal Rules of Civil Procedure, "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."  Washington Shoe was not mistaken in designating its claim as a counterclaim.  It expressly pleaded that its counterclaim raises a case and controversy.  Additionally, Washington Shoe fails to provide any case law to support its contention that its request for a declaration that Plaintiffs have a duty to indemnify an insured can constitute an affirmative defense.  If Washington Shoe believes it must amend its Answer and Affirmative Defenses to include a general denial or to assert additional affirmative defenses it believes are applicable here, it may seek leave to do so.  Washington Shoe's motion to designate its counterclaim as an affirmative defense is denied.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Plaintiffs' Motion to Dismiss Defendant's Counterclaim (ECF No. 23) is **GRANTED**.  Washington Shoe's Counterclaim is dismissed without prejudice.

**DONE and ORDERED** in chambers at Miami, Florida, this 18th day of August 2011.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

4

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*